

**Michael J. Zinna**

Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, NJ 07054

Tel:  (973) 503-5964
Fax:  (973) 503-5950
MZinna@KelleyDrye.com

June 27, 2022

**By eFile**

Magistrate Judge Susan van Keulen
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

   Re: *Keep Truckin, Inc. vs. Fleet Connect Solutions LLC*, Case 5:21-cv-09775-EJD

Dear Judge van Kuelen:

  Pursuant to the Court's November 2021 Standing Order, Keep Truckin, Inc. ("Keep Truckin")[1] submits this letter to request an Order directing Fleet Connect Solution LLC ("Fleet Connect") to produce documents identified in its Interrogatory Responses concerning jurisdictional discovery.  The parties' respective positions are set forth below.

**Plaintiff's Position:**

  On February 22, 2022, Fleet Connect filed a motion to dismiss this case on the grounds that Fleet Connect is not subject to the jurisdiction of this Court.  *See* Dkt. No. 17.  On May 2, 2022, Keep Truckin served interrogatories and documents requests on Fleet Connect related to the issue of jurisdiction. Fleet Connect refused to provide responses to these discovery requests.  Keep Truckin requested assistance from the Court.  *See* Dkt. No. 31.  On May 18, 2022, Your Honor issued an Order directing Fleet Connect to "respond to the interrogatories within 30 days . . . and make a Rule 30(b)6 witness available for a 4-hour deposition within 7-21 days following service of its responses to the interrogatories."  Dkt. No. 32 at 2.  Importantly for the purposes of the parties' present dispute, the Court also found that the requests for production were duplicative of the subject matter covered by the interrogatories.  *See id.*

  On June 17, 2022, Fleet Connect served responses to the interrogatories on Keep Truckin, attached as Exhibit 1.  Fleet Connect's interrogatory responses included reference to a number of documents relevant to jurisdiction. The substance of these documents is not contained in the interrogatory responses, yet that did not stop Fleet Connect from making self-serving statements about the

---

[1] As of April 12, 2022, Keep Truckin, Inc. changed its name to Motive Technologies, Inc.  Notice of the name change was filed on April 21, 2022.  *See* Dkt. No. 30.

Magistrate Judge Susan van Keulen

June 27, 2022

documents in its interrogatory responses. Keep Truckin cannot adequately verify or challenge these statements without reviewing the documents.

Keep Truckin therefore respectfully submits that, while its document requests may have seemed duplicative of its interrogatories at the time of the Court's June 17, 2022 ruling, the interrogatory responses received from Fleet Connect since then make clear that there is relevant information to be gleaned from the documents which cannot be gleaned from the interrogatory responses, so they are not duplicative.

In light of Fleet Connect's interrogatory responses, Keep Truckin asked Fleet Connect to produce the following limited set of documents in advance of the deposition:

a. The July 8, 2020 letter from Fleet Connect to Samsara Networks, Inc. ("Samsara")

b. The July 30, 2020 letter from Fleet Connect to Samsara

c. The "Mutual Confidentiality Agreement" between Fleet Connect and Samsara

d. All written communications between Fleet Connect and Samsara including, but not limited to, communications concerning the "small number of conversations" and "confidential settlement negotiations" between Fleet Connect and Samsara

e. The "Confidential License and Settlement Agreement" between Fleet Connect and Samsara, dated August 2021

f. The October 28, 2020 letter from Fleet Connect to Lytx, Inc. ("Lytx")

g. The "Mutual Confidentiality and Non-Disclosure Agreement" between Fleet Connect and Lytx entered in November 2021

h. All written communications between Fleet Connect and Lytx including, but not limited to, communications concerning the "Mutual Confidentiality and Non-Disclosure Agreement" entered in November 2021.

Fleet Connect has refused to produce these documents, leaning on the Court's June 17, 2022 Order for support. Keep Truckin therefore respectfully requests that the Court issue the Order attached as Exhibit 2, setting the additional jurisdictional discovery schedule below, which would allow the parties to complete jurisdictional discovery in time to consider supplemental briefing before the hearing date for the motion to dismiss which is currently set for August 25, 2022. *See* Dkt No. 33.

Magistrate Judge Susan van Keulen
June 27, 2022

| Event | Deadline |
|---|---|
| Fleet Connect produces the identified documents | Within 7 days |
| Keep Truckin takes Rule 30(b)(6) deposition | 3 - 14 days after the documents are produced[2] |

**Defendant Fleet Connect's Position:**

On May 2, 2022, the Plaintiff served discovery of a "limited nature," which included "5 Requests for Production, 5 Interrogatories, and one 4-hour deposition." Dkt. No. 32, at p. 1. On that same day, Plaintiff indicated it would send a letter to Your Honor asking for limited jurisdictional discovery. Two days later, Plaintiff sent that letter, asking Your Honor to rule whether fact discovery in this case was open (despite the fact that Plaintiff's lead counsel did not participate in the alleged Rule 26(f) Conference). Plaintiff further requested that, if Your Honor did not believe discovery was open, to be given leave to take the limited jurisdictional discovery it had served on May 2, 2022, pursuant to its proposed expedited jurisdictional discovery schedule.

Your Honor granted Plaintiff's requested leave for limited jurisdictional discovery in the form of (1) the 5 interrogatories served and (2) the 4-hour 30(b)(6) deposition requested by Plaintiff. Specifically, Your Honor ruled that

> The most efficient means of moving this matter towards a productive hearing on the motion to dismiss is to allow very limited jurisdictional discovery at this time. To that end, the Court has reviewed the discovery requests served by Plaintiff. ***The requests for production are duplicative of the subject matter covered by the interrogatories, which seek identification of specific types of contact and communications***. ***As such, <u>in this instance of limited, focused, jurisdictional discovery, the Court finds that the requests for production are overbroad and duplicative</u>***. Plaintiff will respond to the interrogatories within 30 days of the date of this Order and make a Rule 30(b)6 witness available for a 4-hour deposition within 7-21 days following service of its responses to the interrogatories.

Dkt. No. 32 (emphasis added).

---

[2] Keep Truckin appreciates the Court granting it the opportunity to take a Rule 30(b)(6) deposition and understands the Court is very busy. Keep Truckin is working with Defendant's counsel to schedule the deposition toward the end of the ordered period to give the Court time to rule on this letter prior to the deposition. If the Court does not rule on this letter before the deposition period ends, however, Keep Truckin respectfully requests that Defendant be ordered to continue the deposition for the remaining time after the production of documents.

Magistrate Judge Susan van Keulen
June 27, 2022

As noted above, Your Honor did not grant Plaintiff's request to make Fleet Connect produce documents responsive to the RFPs because those RFPs were duplicative of the ROGs. Nothing has changed such that the original RPFs served are no longer duplicative of the ROGs.

Pursuant to Your Honor's May 18, 2022, order, Fleet Connect responded to the interrogatories on June 17, 2022. Fleet Connect also made its witness available at 9:00 am ET on June 28, 2022, which is the date and time that Plaintiff noticed Fleet Connect's deposition.[3]

In its latest letter, Plaintiff provides no good reason for Your Honor to revisit her prior ruling. Fleet Connect answered the 5 Interrogatories served upon it. Fleet Connect also has made its 30(b)(6) witness available for examination on the information provided in response to those interrogatories. To the extent that Plaintiff has questions about Fleet Connect's responses to the interrogatories, it can ask those questions at the deposition, where Fleet Connect's witness can be examined under oath.

Plaintiff's attempt to further expand its "limited jurisdictional discovery" should be denied. Plaintiff should be required to take the deposition of Fleet Connect as soon as possible within the original date range ordered by the Court (on or before July 8, 2022), so that this Court can hold the hearing on the pending Motion to Dismiss as currently scheduled and without further delay.

Respectfully submitted,

Michael J. Zinna

cc:   James F. McDonough, III (counsel for Fleet Connect Solutions LLC)
      Travis E. Lynch (counsel for Fleet Connect Solutions LLC)
      Jonathan R. Miller (counsel for Fleet Connect Solutions LLC)
      Jonathan L. Hardt (counsel for Fleet Connect Solutions LLC)
      C. Matthew Rozier (counsel for Fleet Connect Solutions LLC)

---

[3] Plaintiff has since indicated that it does not intend to proceed with its noticed deposition at the date and time originally requested.