# EXHIBIT 1

James F. McDonough, III (GA 117088)
(*pro hac vice* forthcoming)
Jonathan R. Miller (GA 507179)
(*pro hac vice* forthcoming)
Travis E. Lynch (SBN 335684)
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505; -9517; -9514;
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

Jonathan L. Hardt (TX 24039906)
(*pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)
(*pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

*Attorneys For Fleet Connect Fleet Connect Solutions LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MOTIVE TECHNOLOGIES, INC. f/k/a KEEP TRUCKIN, INC., | Case No. 5:21-cv-09775-EJD |
| Plaintiff, | **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| FLEET CONNECT SOLUTIONS LLC, | |
| Fleet Connect. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the applicable Local Rules of the United States District Court for the Northern District of California and of this Court, Defendant Fleet Connect Solutions LLC ("Fleet Connect" or "Defendant") hereby responds to the First Set of Interrogatories served on May 2, 2022 (hereinafter, the "Interrogatories") by Plaintiff Motive Technologies, Inc. f/k/a/ Keep Truckin, Inc. (hereinafter, "Keep Truckin" or "Plaintiff") as follows:

## PRELIMINARY STATEMENT

These responses and objections are made solely for the purposes of this action.  These objections are made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the objection and response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery interrogatories or procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the objections and responses propounded herein.  Fleet Connect's investigation and discovery in this case are ongoing, and therefore, any response to these Interrogatories is based upon information readily available to Fleet Connect at the time of its response. Therefore, Fleet Connect expressly reserves the right to supplement its objections and answers to the Interrogatories.

## GENERAL OBJECTIONS AND ASSERTIONS OF PRIVILEGE

Each of Fleet Connect's responses herein, in addition to any specifically stated objection, is subject to and incorporates the following General Objections:

1.      Information contained in these responses to the Interrogatories is provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure, which require the disclosure of relevant, non-privileged facts within the recipient's possession so long as it is

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and where the burden or expense of the proposed discovery outweighs its likely benefit.  By providing the information requested, Fleet Connect does not waive any objections to the admission into evidence on the grounds of relevance, privilege, materiality, authenticity, or on any other proper grounds for objection.

2.      Fleet Connect objects to the Interrogatories, including any Definitions and Instructions, to the extent that they purport to impose requirements other than, or in addition to, the requirements of the Federal Rules of Civil Procedure.  Furthermore, Fleet Connect does not consider itself bound by any Definitions and Instructions set forth in the Interrogatories to the extent that such Definitions and Instructions are beyond the scope of the Fed. R. Civ. P. 26(b)(1) and/or Fed. R. Civ. P. 33.

3.      Fleet Connect objects to the Interrogatories as premature to the extent it calls for information that is the subject of expert discovery or for claim construction information in advance of the dates set by the Court, the Federal Rules of Civil Procedure, the Civil Local Rules, or the Patent Local Rules for disclosure of such information.

4.      Fleet Connect objects to the Interrogatories to the extent that they seek information that is protected from disclosure by any statutory and/or common law privileges, including the attorney-client privilege, work product doctrine, or other applicable privilege.  Such objection also includes but is not limited to mental impressions of counsel, as well as application of facts to law or law to facts by one not acting in any capacity as a lawyer or otherwise situated to respond by way of sufficient training, education, and/or experience in legal matters.  Fleet Connect does not waive any protection, rights, or privileges by responding to such Interrogatories, and in responding, Fleet Connect assumes that Plaintiff has not requested any information subject to the attorney-client privilege, work product doctrine, or other applicable privilege unless otherwise noted.  Any inadvertent disclosure of material

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

protected by any such applicable privilege or discovery immunity is not intended to, and should not be construed to constitute, a waiver of such privilege or immunity.

5.      Fleet Connect does not hereby admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization contained in the language of the Interrogatories.

6.      Fleet Connect objects to the Interrogatories to the extent they seek information that is neither relevant to the party's claims nor defenses raised in this action.

7.      Fleet Connect objects to the Interrogatories to the extent that they are overbroad, burdensome, vague, ambiguous, and/or outside the scope of Fed. R. Civ. P. 26(b)(1).

8.      Fleet Connect objects to the Interrogatories to the extent that they are unreasonably vague, ambiguous, overly broad, repetitious, and/or unduly burdensome.  Fleet Connect further and specifically objects to any discovery as overbroad to the extent it calls for narrative responses on matters more suited for a deposition.

9.      Fleet Connect objects to the Interrogatories to the extent that they seek information that is exclusively or predominantly in the possession, custody or control of Plaintiff and/or nonparties and thereby impose an undue burden upon Fleet Connect.

10.     Fleet Connect objects to the Interrogatories to the extent they seek information equally available to Plaintiff through public sources or records and/or subject Fleet Connect to unreasonable and undue annoyance, oppression, burden and expense.

11.     Fleet Connect's responses to the Interrogatories are made on the basis of information and discovery conducted to date, which is continuing.  Fleet Connect reserves the right to supplement or amend these responses after the conclusion of discovery.

12.     In answering the Interrogatories, Fleet Connect does so without waiver of, or prejudice to, their rights, at a later time, to object to: (a) any further demand or discovery involving or relating to matters raised in the requests; or (b) the relevance, materiality, or admissibility of any response

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

provided pursuant to the requests.

13.     Fleet Connect objects to the Interrogatories to the extent that they seek information relating to Fleet Connect's contentions on the grounds that they are premature and ask Fleet Connect to provide information or contentions not within its knowledge.

14.     Fleet Connect cannot and does not provide responses for anyone other than itself and therefore does not respond to provide information responsive to the Interrogatories on behalf of any entity or individual other than itself.

15.     Fleet Connect objects to the Interrogatories as seeking more than one request in a single interrogatory for purposes of Fed. R. Civ. P. 33(a)(1) and is therefore compound.  Each discrete subpart interrogatory should be counted as a single interrogatory for purposes of counting the number of interrogatories propounded by Plaintiff.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Fleet Connect objects to the definition of "You," "Your," and/or "Fleet Connect" as overly broad, vague, ambiguous, and irrelevant. and not proportional to the needs of the case to the extent it seeks to impose a burden on Fleet Connect greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any standing orders of the Court by including persons or entities not related to Fleet Connect and/or outside of Fleet Connect's knowledge, scope, and/or control.  Fleet Connect, therefore, does not respond or provide information responsive to these Interrogatories on behalf of any entity or individual other than itself.

2.     Fleet Connect objects to the definitions of "Affiliates" and "Person" or any variations thereof as overly broad, vague, ambiguous, and irrelevant. and not proportional to the needs of the case to the extent it seeks to impose a burden on Fleet Connect greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any standing orders of the Court, and to the extent it requests information outside of Fleet Connect's knowledge, scope or

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

control, and/or not proportional to the needs of the case.

3.      Fleet Connect objects to the definitions of "document," "all documents," "communication," and "all communications" as overly broad, vague, ambiguous, and irrelevant. and not proportional to the needs of the case to the extent it seeks to impose a burden on Fleet Connect greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any standing orders of the Court, and to the extent it is intended to broaden Fleet Connect's obligation to produce information, documents or things that are not in Fleet Connect's possession, custody, or control, to the extent it asks for information or documents that are privileged, protected, or immune from discovery, or to the extent it seeks to transform an interrogatory into a request for production.

4.      Fleet Connect objects to definition of "identify" or any variations thereof as vague, ambiguous, overly broad, unduly burdensome, oppressive, beyond the obligations imposed by the Federal Rules of Civil Procedure, and to the extent it requests information outside of Fleet Connect's knowledge, scope or control, and/or not proportional to the needs of the case.  Fleet Connect's responses interpret these definitions according to their ordinary meaning.

5.      Fleet Connect objects to the definitions of "relating to," "related to," "relate to," or "regarding" or any variations thereof as vague, ambiguous, overly broad, unduly burdensome, oppressive, beyond the obligations imposed by the Federal Rules of Civil Procedure, and to the extent it requests information outside of Fleet Connect's knowledge, scope or control, and/or not proportional to the needs of the case.

6.      Fleet Connect objects to the to the definition of "Relevant Time Period" and "Definitions and Instructions Paragraph Number 20" as irrelevant to the personal jurisdiction issue. *See, e.g., Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389-EJD (VKD), 2020 U.S. Dist. LEXIS 26267, at *11 (N.D. Cal. Feb. 14, 2020) (denying personal jurisdiction

discovery of post-complaint conduct and limiting discovery to the period of time that precedes the filing of the complaint); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004) ("jurisdiction of the court depends upon the state of things at the time of the action brought."); *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) ("courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction"); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990) ("Only contacts occurring prior to the event causing the litigation may be considered."); *Google Inc. v. Eolas Techs., Inc.*, No. 15-cv-05446-JST, 2016 U.S. Dist. LEXIS 78842, at *15 (N.D. Cal. June 16, 2016) (find post-suit activity irrelevant, where defendant amended patent license with third-party California entity after plaintiff filed declaratory judgment action); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 U.S. Dist. LEXIS 16359, at *11 n.2 (N.D. Cal. Jan. 28, 2022) ("Courts within this circuit have cited both Federal Circuit and Ninth Circuit precedent in determining personal jurisdiction in patent cases.").  In addition, Fleet Connect objects to this definition as vague, ambiguous, overly broad, unduly burdensome, oppressive, beyond the obligations imposed by the Federal Rules of Civil Procedure, and to the extent it requests information outside of Fleet Connect's knowledge, scope or control, and/or not proportional to the needs of the case.  Fleet Connect's responses interpret this definition to mean December 17, 2015 to December 17, 2021.

7.    Fleet Connect objects to Plaintiff's instructions regarding any claim of privilege to the extent the instruction seeks to extend Fleet Connect's obligations beyond those provided for in the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules, and applicable court orders. Any privileged documents or communications will be identified on Fleet Connect's privilege log.

## RESPONSES AND OBJECTIONS

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Fleet Connect

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

responds to the Interrogatories as follows.  To the extent that any of Fleet Connect's General Objections are cited in a specific response, those citations are provided because they are believed to be particularly relevant to the specific request and not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.

**INTERROGATORY NO. 1**:  Identify and describe all contacts Fleet Connect has had with Persons located, residing, or based in California regarding one or more patents owned by Fleet Connect, including but not limited to (a) communications between Fleet Connect and California corporations or entities with California addresses, and (b) communications between Fleet Connect and any Person or Persons employed by or representing a company residing in California.

**RESPONSE:**  In addition to preserving its General and Specific Objections, Fleet Connect objects to this Interrogatory to the extent that it seeks disclosure of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Fleet Connect further objects to the extent this Interrogatory seeks "all contacts," which includes (1) the activities of persons or entities not related to Fleet Connect and/or outside of Fleet Connect's knowledge, scope, and/or control; and (2) Persons "located, residing, or based in California" that are outside Fleet Connect's knowledge.

Fleet Connect further objects to the extent that this Interrogatory seeks "communications between Fleet Connect and California corporations," which requires Fleet Connect to make a legal conclusion or judgment as to whether an entity qualifies as a "California corporation."

Fleet Connect further objects to the extent this Interrogatory seeks "communications between Fleet Connect and …entities with California addresses," which may include entities with a California address that was outside Fleet Connect's knowledge at the time those communications were made.

Fleet Connect further objects to the extent that this Interrogatory seeks "communications between Fleet Connect and any Person or Persons employed by or representing a company residing in California," which requires Fleet Connect to make a legal conclusion or judgment as to whether an entity qualifies as a "company residing in California."

Fleet Connect further objects to the extent this Interrogatory seeks "communications between Fleet Connect and any Person or Persons employed by or representing a company residing in

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

8

California," as this may include information outside Fleet Connect's knowledge at the time communications were made including (1) whether a Person was employed by or representing a company residing in California and (2) whether a company resided in California.

Fleet Connect further objects to the phrases "located, residing, or based in," "California corporations." and "company residing in California" as vague and ambiguous to the extent it is unclear whether and how an entity should be included or qualifies as such.

Fleet Connect further objects to the extent any responsive information includes the confidential information of a third party or is subject to a confidentiality agreement that otherwise prevents its disclosure without a Court order.

Fleet Connect further objects to the extent this Interrogatory is not limited in time and/or seeks information outside the relevant time frame.

Subject to the general and specific objections listed above, Fleet Connect responds as follows upon the best information and belief currently available to Fleet Connect after reasonable inquiry:

On August 27, 2020, Fleet Connect sent a letter via email to Plaintiff notifying it of its infringement of sixteen U.S. Patents (the "FCS Patents"), including claim charts for the same. The letter indicated that Fleet Connect "was interested in having a discussion with Keep Truckin regarding the FCS Patents." In September of 2020, Fleet Connect received an email response from Plaintiff to which Fleet Connect responded by offering a telephone discussion. Fleet Connect did not receive a response to that offer and had no further communications with Plaintiff.

On October 28, 2020, Fleet Connect sent a letter via email to Lytx, Inc. ("Lytx") notifying it of its infringement of seven U.S. Patents (the "FCS Patents"), including claim charts for the same. The letter indicated that "FCS was interested in having a discussion with Lytx regarding the FCS Patents." Fleet Connect did not receive a response to the letter and had no further communications with Lytx.

On July 8, 2020, Fleet Connect sent a letter via email to Samsara Networks Inc. notifying it of its infringement of thirteen U.S. Patents (the "FCS Patents"), including claim charts for the same. The letter indicated that "FCS was interested in having a discussion with Samsara regarding the FCS

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

9

Patents."  On July 30, 2020, Fleet Connect sent a letter via email to Samsara Networks Inc. notifying it of its infringement of four additional U.S. Patents (the "FCS Patents"), including claim charts for the same.  The July 30, 2020, letter indicated that Fleet Connect was interested in discussing those patents, "as well as the FCS Patents and claim charts provided to Samsara on July 8, 2020."  Pursuant to the Mutual Confidentiality Agreement referenced in response to Interrogatory No. 3, Fleet Connect and Samsara engaged in a small number of conversations specific to Samsara's alleged infringement of Fleet Connect's patents.   Following these confidential settlement communications conducted pursuant to Federal Rule of Evidence 408, Fleet Connect and Samsara entered into a Confidential License and Settlement Agreement dated August of 2021.

**INTERROGATORY NO. 2**:  Identify and describe all visits made to California by Fleet Connect, including for the purpose of doing business, attending meetings, or attending conferences on behalf of Fleet Connect. Include in Your response the dates, attendees, subject matter, and location of any such visits.

**RESPONSE:**  In addition to preserving its General and Specific Objections, Fleet Connect objects to this Interrogatory to the extent that it seeks disclosure of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Fleet Connect further objects to the extent this Interrogatory seeks "all visits," which includes the activities of persons or entities not related to Fleet Connect and/or outside of Fleet Connect's knowledge, scope, and/or control.

Fleet Connect further objects to the extent this Interrogatory is not limited in time and/or seeks information outside the relevant time frame.

Subject to the general and specific objections listed above, Fleet Connect responds as follows upon the best information and belief currently available to Fleet Connect after reasonable inquiry: Fleet Connect is a Texas-based limited liability company.  Fleet Connect has not visited or attended any meetings in California during the course of its business.

**INTERROGATORY NO. 3**:  Identify all Agreements between Fleet Connect and any Person located, residing, or based in California, and all communications between Fleet Connect and any

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

Person relating to such Agreements, including Agreements and related communications between Fleet Connect and one or more entities incorporated or located in California.

**RESPONSE:**  In addition to preserving its General and Specific Objections, Fleet Connect objects to this Interrogatory to the extent that it seeks disclosure of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Fleet Connect further objects to the extent this Interrogatory seeks "all communications," which includes the activities of persons or entities not related to Fleet Connect and/or outside of Fleet Connect's knowledge, scope, and/or control.

Fleet Connect further objects to the extent any responsive information includes the confidential information of a third party or is subject to a confidentiality agreement that otherwise prevents its disclosure without a Court order.  Fleet Connect further objects to the production of draft agreements and license negotiations, which are not relevant to any party's claim or defense and not proportional to the needs of the case.

Fleet Connect further objects to the extent this Interrogatory is not limited in time and/or seeks information outside the relevant time frame.

Subject to the general and specific objections listed above, Fleet Connect responds as follows upon the best information and belief currently available to Fleet Connect after reasonable inquiry:

Fleet Connect states that in April of 2021 it entered a Mutual Confidentiality Agreement with Samsara, which is "governed by and construed under the State of Delaware law, without regard to its choice of law principles to the contrary" and under which Fleet Connect and Samsara "irrevocably consent[ed] to the jurisdiction and venue of the courts of the State of Delaware regarding any action arising under or related to th[e] [a]greement."  Confidential communications between Fleet Connect and Samsara that were had pursuant to that agreement were "subject to the protection of Rule 408 of

the Federal Rules of Civil Procedure and corresponding or equivalent state laws to the extent allowed by law."

The confidential settlement communications covered by the Mutual Confidentiality Agreement facilitated Fleet Connect's entry of a Confidential License and Settlement Agreement with Samsara, dated August of 2021, for which "the validity, interpretation, and performance of th[e] [a]greement [is] controlled by and construed under the laws of the United States and the State of Delaware, and any actions or disputes pertaining thereto shall be maintained and settled exclusively in the United States District Court for the District of Delaware."

Fleet Connect states that in November of 2021 it entered a Mutual Confidentiality and Non-Disclosure Agreement with Lytx, which was "governed by and construed in accordance with the laws of the State of Texas." The purpose of the agreement was "to engage in confidential discussions relating to early resolution of the [*Fleet Connect Solutions LLC v. Waste Connections US, Inc. et al.*, Case No. 2:21-CV-00365- JRG (EDTX)]" and any communications thereunder were governed by "the limitations provided for by Fed. R. Evid. 408[.]"

**INTERROGATORY NO. 4**: Identify all Persons residing in California who have been hired, employed, or retained by Fleet Connect, or who have had an ownership interest in Fleet Connect, including any and all members, directors, officers, partners, principals, executives, employees, attorneys, experts, contractors, consultants, agents, and vendors, and provide a description of their role and responsibilities at Fleet Connect or any work they performed for or on behalf of Fleet Connect.

**RESPONSE:**  In addition to preserving its General and Specific Objections, Fleet Connect objects to this Interrogatory to the extent that it seeks disclosure of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Fleet Connect further objects to the extent this Interrogatory seeks "all Persons," which includes the activities of persons or entities not related to Fleet Connect and/or outside of Fleet

Connect's knowledge, scope, and/or control.

Fleet Connect further objects to the extent any responsive information includes the confidential information of a third party or is subject to a confidentiality agreement that otherwise prevents its disclosure.

Fleet Connect further objects to the extent this Interrogatory to the extent it is unlimited in time and/or seeks information outside the relevant time frame.

Subject to the general and specific objections listed above, Fleet Connect responds as follows upon the best information and belief currently available to Fleet Connect after reasonable inquiry: There are none.

**INTERROGATORY NO. 5**:  Identify and describe all contacts Fleet Connect has had with Lytx including, but not limited to, all communications sent from Fleet Connect to Lytx, or sent from Lytx to Fleet Connect, and all communications between Fleet Connect and any Person employed by or representing Lytx.

**RESPONSE:**  In addition to preserving its General and Specific Objections, Fleet Connect objects to this Interrogatory to the extent that it seeks disclosure of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.

Fleet Connect further objects to the extent this Interrogatory seeks "all contacts" and "all communications," which includes the activities of persons or entities not related to Fleet Connect and/or outside of Fleet Connect's knowledge, scope, and/or control.

Fleet Connect also objects to this Interrogatory to the extent that it seeks information that is exclusively or predominantly in the possession, custody or control of third parties and thereby imposes an undue burden upon Fleet Connect.  Fleet Connect additionally objects to the extent any responsive information includes the confidential information of a third party or is subject to a confidentiality agreement that otherwise prevents its disclosure.

Fleet Connect further objects to the extent this Interrogatory to the extent it is unlimited in time and/or seeks information outside the relevant time frame.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

Subject to the general and specific objections listed above, Fleet Connect responds as follows upon the best information and belief currently available to Fleet Connect after reasonable inquiry:  *See* response to Interrogatory Nos. 1 and 3.

Dated: June 17, 2022                    Respectfully submitted,

*/s/ Travis E. Lynch*
James F. McDonough, III
(*pro hac vice* forthcoming)
Jonathan R. Miller
(*pro hac vice* forthcoming)
Travis E. Lynch (SBN 335684)
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505; -9517; -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

Jonathan L. Hardt (TX 24039906)
(*pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)
(*pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

*Attorneys For Fleet Connect Fleet Connect Solutions LLC*

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day a true and correct copy of the foregoing document was served by email to all counsel of record.

Dated: <u>June 17, 2022</u>

By: <u>*/s/ Travis E. Lynch*</u>
Travis E. Lynch

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY